IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLON IVAN CHAVEZ-PEREZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 26-1552 |
| | : | |
| J.L. JAMISON, JOHN E. RIFE, | : | |
| KRISTI NOEM, PAMELA BONDI, | : | |
| U.S. DEPARTMENT OF HOMELAND | : | |
| SECURITY, EXECUTIVE OFFICE OF | : | |
| IMMIGRATION REVIEW | : | |

## ORDER

**AND NOW**, this 12th day of March 2026, upon considering the Petition for habeas corpus (ECF 1), the United States' timely Response (ECF 3), carefully considering the uncontested allegations regarding Petitioner's presence in our District and Respondents do not claim Petitioner is a danger to person or property or a flight risk, mindful the United States repeats the same arguments denied by us and our colleagues from several earlier similar petitions, and finding, as we already found and our colleagues in now hundreds of cases nationwide have found before us facing similar fact patterns,[1] Respondents detain Petitioner in violation of the Constitution and the laws of the United States and the Respondents applying Congress's clear direction in 8 U.S.C. § 1225(b)(2) to non-citizens such as the Petitioner is unlawful leading us to be persuaded by our colleagues' extensive analysis (well known to Respondents) and allowing us to find the Petition (ECF 1) is reviewable, we read Congress's mandate in section 1225(b)(2) narrowly,[2] and there is no basis for mandatory detention but Petitioner may be subject to the discretionary detention explained by Congress in 8 U.S.C. § 1226(a) after a bond hearing, it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1.    Petitioner Marlon Ivan Chavez-Perez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.    Respondents shall **forthwith** release Petitioner Marlon Ivan Chavez-Perez from custody and shall confirm their anticipated strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **11:00 AM EST** on **March 13, 2026**;

3.    Respondents are temporarily enjoined from re-detaining Marlon Ivan Chavez-Perez until no earlier than **March 26, 2026** and should Respondents choose to pursue re-detention under section 1226(a), they must first provide Mr. Chavez-Perez with a bond hearing at which a neutral immigration judge will determine whether detention is warranted pending resolution of those removal proceedings;

4.    Respondents cannot remove, transfer, or otherwise facilitate the removal of Mr. Chavez-Perez from the Eastern District of Pennsylvania before an ordered bond hearing, but if a duly authorized under law immigration judge with jurisdiction finds Mr. Chavez-Perez is subject to detention under section 1226(a) after affording due process, the United States may seek leave before us to remove Mr. Chavez-Perez from this District for unforeseen or emergency circumstances through a filed petition with good cause including the proposed destination for our consideration following timely response from Mr. Chavez-Perez; and,

5.    We **direct** the Clerk of Court **CLOSE** this case.

_____
**KEARNEY, J.**

---

[1] *See Noicy v. Jamison*, No. 26-1388, 2026 WL 637635, at *2 & n.1 (E.D. Pa. Mar. 6, 2026) (Sánchez, J.) (collecting cases). *See also Dong v. Rose, et al.*, No. 25-7182, ECFs 6, 7 (E.D. Pa.

2

Dec. 23, 2025) (citing Judge Diamond's comprehensive November 18, 2025 analysis); *Sepiashvili v. Rose, et al.*, No. 26-107, ECF 7 (E.D. Pa. Jan. 13, 2026); *Iskakov v. Jamison, et al.*, No. 25-7264, ECF 8 (E.D. Pa. Dec. 29, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025).

The United States concedes all decisions in this District addressing the issues raised here are adverse to the United States' position, but cites a recent decision by the United States Court of Appeals for the Fifth Circuit, *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), agreeing with the United States' position all non-citizens present in the United States without lawful admission are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* ECF 3 at 3. Judge Sánchez and Judge Wolson last week declined to follow *Buenrostro-Mendez*, noting recent decisions from our colleagues in this District. *See Noicy*, 2026 WL 637635, at *3 & n.3 (collecting cases) and *Hasanboy Olimov v. Jamison*, No. 26-532, 2026 WL 596155, at *3-4 & n.10 (E.D. Pa. Mar. 3, 2026) (Wolson, J.) (collecting cases).

The United States notes it is not currently making jurisdictional arguments as in earlier responses in other cases in the District. ECF 3 at 3, n. 3. The United States refers us to our Court of Appeals' January 15, 2026 decision in *Khalil v. President, United States of America*, 164 F.4th 259 (3d Cir. 2026). In *Khalil*, our Court of Appeals considered whether the district court had jurisdiction over Mr. Khalil's immigration habeas petition. The court held the district court had jurisdiction over the habeas petition. The court then considered a second question; whether the Immigration and Nationality Act stripped the district court of subject matter jurisdiction over Mr. Khalil's challenge to removal proceedings under 8 U.S.C. § 1252(b)(9). *Id.* at 265, 273–74. Our Court of Appeals held the Act divested the district court of subject matter jurisdiction. *Id.* Since the *Khalil* decision, our colleagues have distinguished the facts in *Khalil*—where Mr. Khalil challenged both his removal and detention while removal proceedings pended, from cases where habeas petitioners challenge the legality of detention, concluding we have jurisdiction over habeas claims challenging the United States' authority to detain without a bond hearing. *See Gagiev v. Rose*, No. 26-169, 2026 WL 657739, at *7 (E.D. Pa. Mar. 9, 2026) (Murphy, J.); *Hasanboy Olimov*, 2026 WL 596155, at *2 & n. 6 (collecting cases). Mr. Chavez-Perez today challenges his detention without a bond hearing. We, like our colleagues, conclude we have jurisdiction over Mr. Chavez-Perez's petition.

[2] Mr. Chavez-Perez believes his allegations should be analyzed under the line of authority described by the United States as a "*Hurtado*" case (referring to the Board of Immigration Appeals' ("BIA") decision in *Matter of Hurtado*, 29 I & N. Dec. 2016 (BIA 2025)). The United States provided us with a four-category break down of habeas petitions by immigration detainees challenging the authority of the Department of Homeland Security to detain them without a bond hearing, including the "*Hurtado* cases" category and the "*Q. Li* cases" category (referring to the BIA's decision in *Matter of Q. Li*, 29 I & N Dec. 66 (BIA 2025)). ECF 3 at 1–2. The United States concedes the *Hurtado* and *Q. Li* cases "all share the same authority for mandatory detention" and center on the interpretation of 8 U.S.C. § 1225(b)(2)(A). *Id.* at 2. We recently considered, and do so again, the Board of Immigration Appeals' decision in *Matter of Q. Li*. Like Judge Marston, we find it does not compel detention under 8 U.S.C. § 1225(b)(2) on these facts relating to a person not actively seeking admission. *See Cordero v. Rose*, No. 26-534, ECF 5 at 5–6 n.10 (E.D. Pa. Jan. 29, 2026). As Judge Marston explained, Congress through section 1225(b)(2) confirms an "applicant for admission" must be actively "seeking admission" at the time of detention, not

3

merely at some point in the past. *Id.* (citing *Demirel*, 2025 WL 3218243, at \*4). As in Judge Marston's analysis in *Cordero*, Mr. Chavez-Perez entered the United States in October 2021, shortly detained by the Department of Homeland Security which initiated removal proceedings, released him, completed high school, began working, complied with all conditions of his removal proceeds and immigration release, including attending hearing, and submitted an asylum application which remains pending. . ECF 1 ¶¶ 24–27. *See also Silva-Siqueira v. Jamison*, No. 26-1437, 2026 WL 686955, at \*3 (E.D. Pa. Mar. 11, 2026) (Costello, J.); *Castellano Rivera v. Jamison*, No. 26-1150, 2026 WL 561126, at \*2 & n.3 (E.D. Pa. Feb. 27, 2026) (Henry, J.) (collecting cases); *Aslanbek Baskaev v. Jamison*, No. 26-1053, 2026 WL 499911, at \*4 (Hodge, J.).